# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ROBERT NOLAN BOWERS,

    Plaintiff,

v.

ABERDEEN POLICE DEPARTMENT,

    Defendant.

CASE NO. 3:21-cv-05303-MJP-JRC

ORDER

This matter is before the Court on defendants' motion to stay ("motion"). Dkt. 4. Defendants move to stay this civil proceeding pending the end of plaintiff's parallel criminal proceeding in state court filed on May 4, 2021. Dkt. 4. Plaintiff did not file any opposition to the motion. *See* Dkt. Also pending is plaintiff's motion to continue which is noted for the Court's consideration on July 23, 2021. *See* Dkt. 11.

In April 2021, this case was removed from state court. Dkt. 1. Plaintiff alleges the officers involved in his January 2021 arrest used excessive force. Dkt. 1, 2. Discovery has not yet begun in this case and a scheduling order has not been has been issued. *See* Dkt.

At the time the motion was filed, plaintiff's criminal charges arising out of an incident on January 27, 2021 were currently proceeding in Grays County Superior Court and the case was set for trial beginning May 25, 2021. Dkt. 5, Declaration of Counsel for Defendants. Plaintiff was charged with burglary in the first degree, assault in the third degree, and resisting arrest. *Id.*

On June 17, 2021, the Court ordered defendants to file a status update on or before June 23, 2021. Dkt. 8. Defendants were directed to apprise the Court of plaintiff's proceedings in his criminal case and whether plaintiff's criminal trial had concluded. *Id.* Defendants filed their status report stating hat on May 4, 2021, plaintiff pled guilty to two felony crimes: residential burglary and assault. Dkt. 9. Plaintiff's remaining misdemeanor charge of resisting arrest was dismissed as a part of the plea agreement. *Id.*

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision,* 45 F.3d 322 (9th Cir. 1995); *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989). In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable. *Keating,* 45 F.3d at 324. Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice require such action. *Id.*

Here, because plaintiff's parallel criminal proceedings have now concluded, and there is nothing in the record to indicate the interests of justice would require a stay at this stage, the Court denies defendants' motion to stay as moot.

Dated this 14th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge