UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT NOLAN BOWERS,

               Petitioner,

   v.

ABERDEEN POLICE DEP'T,

               Respondent.

CASE NO. 3:21-cv-05303-MJP-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  October 29, 2021

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Defendant removed this case from state court on April 27, 2021. Under Federal Rule of Civil Procedure 4(m), plaintiff had 90 days from that date to serve defendant with process. This 90-day period expired on July 26, 2021. This Court extended the deadline for service until October 2, 2021. To date, however, plaintiff has not filed proof of service. Accordingly, this case should be dismissed for failure to serve process on defendant.

REPORT AND RECOMMENDATION - 1

**BACKGROUND AND DISCUSSION**

On April 27, 2021, defendant filed a notice of removal. Dkt. 1. In his complaint, plaintiff alleges that the "Aberdeen Police Department" violated his civil rights during a January 27, 2021 arrest in which the "arresting officers" used force on him. *See* Dkt. 1-1 at 2. Aberdeen Police Department is the sole named defendant. *Id.* at 1.

On May 4, 2020, defendant moved to stay these proceedings on the ground that plaintiff faced pending criminal charges in connection with his January 27, 2021 arrest. *See* Dkt. 4 at 1, 5. On July 14, 2021, this Court denied the motion to stay as moot because, on May 4, 2021, plaintiff pleaded guilty in that state prosecution. Dkt. 12 at 2.

Meanwhile, on July 6, 2021, plaintiff moved for a 90-day continuance. Dkt. 11. On August 3, 2021, this Court construed this motion as a "motion . . . requesting an extension to serve the complaint" and extended the deadline for service until October 2, 2021. *Id.* at 2. Further, this Court cautioned plaintiff that, if he failed to serve the complaint by October 2, 2021, this Court would dismiss this case without prejudice. *See id.* To date, plaintiff has not filed proof of service.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Under Rule 4(m), "a plaintiff has 90 days after the notice of removal to serve the defendant, unless the plaintiff demonstrates good cause." *Connolly v. TriWest Healthcare All. Corp.*, No. CV 19-00385 HG-RT, 2019 WL 5386457, at *4 (D. Haw. Oct. 21, 2019) (citing *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017)).

1    Here, defendant removed this case on April 27, 2021. The 90-day period for service

2 expired on July 26, 2021. This Court gave plaintiff an extension of time until October 2, 2021

3 and warned him that it would dismiss this case if plaintiff did not serve defendant by that date.

4 However, plaintiff has yet to file a return of service. *See* Fed. R. Civ. P. 4(l)(1). Nor has he filed

5 a motion for extension of time to serve defendant or otherwise attempted to show good cause for

6 his failure to serve defendant. Accordingly, this case should be dismissed without prejudice for

7 failure to serve process on defendant.

8              ***IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL**

9    Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP

10 status on appeal shall not be granted if the district court certifies "before or after the notice of

11 appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A).

12 "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not

13 frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation

14 marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in

15 facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter

16 would be frivolous, IFP status should not be granted for purposes of appeal.

17                                **CONCLUSION**

18   As discussed above, it is recommended that this case be DISMISSED WITHOUT

19 PREJUDICE for failure to serve process on defendant. It is further recommended that this case

20 be CLOSED.

21   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

23 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 29, 2021** as noted in the caption.

Dated this 13th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4